# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: April 15, 2019

```
* * * * * * * * * * * * * * * * * * * * * * *
AMARACHI GRACE OTUOKERE           *
                                  *    No. 18-409v
         Petitioner,              *
                                  *    Special Master Sanders
v.                                *
                                  *    Dismissal; Insufficient Proof; Varicella
SECRETARY OF HEALTH               *    Vaccine; Influenza ("flu") Vaccine
AND HUMAN SERVICES,               *
                                  *
         Respondent.              *
* * * * * * * * * * * * * * * * * * * * * * *
```

### DISMISSAL[1]

On March 19, 2018, Amarachi Grace Otuokere ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] ("Vaccine Program" or "Program"). 42 U.S.C. § 300aa-10 to 34 (2012). Petitioner alleged that she developed "whole body numbness, burning, and tingling" as a result of the influenza ("flu") vaccine she received on March 25, 2015, and/or the varicella vaccination she received on April 8, 2015. Pet. at 1, ECF No. 1. The information in the record, however, does not show entitlement to an award under the Program.

### I. Procedural History

The undersigned held an initial status conference with the parties on March 27, 2018. *See* Minute Entry, docketed Mar. 27, 2018. After this status conference, the undersigned ordered Petitioner to (1) have an attorney file a motion to substitute in as her attorney, (2) file a status report indicating that she intended to proceed *pro se*, or (3) file a status report outlining her efforts to obtain representation and stating how much additional time she needed to find counsel

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

by May 29, 2018. ECF No. 9. On May 29, 2018, Petitioner filed a status report indicating that she had been unable to obtain representation because each attorney she had contacted "requested that [Petitioner] receive a formal medical diagnosis from her physician(s) prior to taking [on] [Petitioner's] case." ECF No. 11. Petitioner requested an additional one-hundred and twenty days to obtain counsel. *Id.* Respondent had no objection to this request. *See* Informal Comm., docketed May 29, 2018. The undersigned granted Petitioner's motion on May 30, 2018, and extended Petitioner's deadline to September 27, 2018. ECF No. 12.

On September 27, 2018, Petitioner filed a status report indicating that she was "currently in contact with an attorney who ha[d] expressed interest in reviewing her case." ECF No. 13. In addition to obtaining a formal medical diagnosis, Petitioner stated that the attorney "ha[d] requested that [P]etitioner collect all medical records for his review and ha[d] therefore advised [P]etitioner to request additional time to obtain counsel." *Id.* Petitioner requested an additional one-hundred and eighty days to retain an attorney. *Id.*

The undersigned did not grant Petitioner's request but scheduled a status conference to discuss Petitioner's progress toward obtaining counsel. *See* ECF No. 14. A digitally recorded status conference was held on October 31, 2018. *See* Minute Entry, docketed Oct. 31, 2018. During this status conference, Petitioner again requested six months of additional time to allow the attorney with whom Petitioner had been in contact to decide whether to represent her. ECF No. 17. The undersigned denied this request and noted that, Petitioner had already had 218 days to obtain counsel since stating her intention to do so during the March 27, 2018 status conference. *Id.* The undersigned ordered Petitioner to either (1) have the attorney discussed during the status conference file a motion to substitute in as counsel, or (2) file a status report indicating that said attorney would not represent Petitioner and requesting a status conference by no later than November 30, 2018. *Id.*

Petitioner failed to meet this deadline. On December 3, 2018, Chambers contacted Petitioner regarding her lapsed deadline. *See* Informal Comm., docketed Dec. 3, 2018. Petitioner responded that she had medical appointments scheduled for December 19, 2018, January 14, 2019, and January 16, 2019, to get a confirmed medical diagnosis. However, Petitioner noted that if the tests conducted during these appointments are negative, she is "unsure if a definitive diagnosis c[ould] be made or not." *Id.*

On December 7, 2018, the undersigned issued a Show Cause Order and set a deadline of March 20, 2019, for Petitioner to file medical records containing a confirmed diagnosis AND either (1) have an attorney file a motion to substitute in as Petitioner's counsel OR (2) file a status report indicating a desire to proceed *pro se*. ECF No. 20. Petitioner did not file anything in response to the Order by the deadline. On March 25, 2019, Petitioner filed a status report in which she wrote that she "was unable to obtain counsel by the March 20, 2019 deadline[]" and therefore she "request[ed] that the case be dismissed." ECF No. 21.

The undersigned contacted Petitioner on March 26, 2019, to ensure that she knew of the multiple ways to exit the Vaccine Program and allowed Petitioner additional time to review guidance on the Court's website and file a formal motion. Petitioner filed a motion to dismiss

2

her case on April 1, 2019. ECF No. 22. Respondent had no objection and did not file a response. Informal Comm., docketed Apr. 12, 2019.

## II. Analysis

To receive compensation under the Program, Petitioner must prove either (1) that she suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that Petitioner suffered a "Table Injury." Further, the record does not contain persuasive evidence that Petitioner's alleged injuries were caused by the flu and/or varicella vaccines.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, Petitioner has not submitted medical records containing a confirmed diagnosis, and the information that is contained in the medical records is insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**[3]

IT IS SO ORDERED.

_____
Herbrina D. Sanders
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.